Nicholas O. Herman, OSB No. 143360
LOWER COLUMBIA LAW GROUP LLC
52490 Southeast Second Street, Suite 100
Scappoose, Oregon 97056
Phone:    (503) 543-4800
Fax:        (888) 543-4806
Email:    nick@lowercolumbialaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| INTERNATIONAL ANIMAL SEMEN BANK, INC., <br><br> Plaintiff, <br><br> v. <br><br> KATHRYN ROBERTS; ATLANTA CANINE REPRODUCTION, LLC; and SAVANTS CANINE SERVICES, LLC; <br><br> Defendants. | Case No.   3:25-cv-01688 <br><br> **COMPLAINT** <br><br> Breach of Contract, Trademark Infringement, Unfair Competition, False Advertising <br><br> DEMAND FOR JURY TRIAL |

Plaintiff alleges the following:

NATURE OF THE ACTION

1.

Plaintiff brings this civil action and complaint against Defendant Kathryn Roberts;
Defendant Atlanta Canine Reproduction, LLC; and Defendant Savants Canine Services, LLC to
seek redress for flagrant and willful violations of a licensing agreement between Plaintiff,

1   Defendant Roberts, and her business, and for flagrant and willful violations of federal law by

2   Defendants, including trademark infringement, unfair competition, and false advertising. Plaintiff

3   seeks compensatory and consequential damages, including lost profits and for reputational harm;

4   treble damages pursuant to 15 U.S.C. § 1117(a); and disgorgement of all profits that Defendants

5   have obtained and continue to obtain as a result of their breach of the licensing agreement,

6   trademark infringement, unfair competition, and false advertising. Plaintiff additionally seeks

7   injunctive relief to prevent Defendants' ongoing and future breach of the licensing agreement,

8   trademark infringement, unfair competition, and false advertising, and Plaintiff demands a trial

9   by jury.

10                                   PARTIES

11                                      2.

12          Plaintiff International Animal Semen Bank, Inc. is an Oregon corporation that operates

13   under the registered names "International Canine Semen Bank" and "ICSB."

14                                      3.

15          Defendant Kathryn Roberts is an individual and a resident of the State of Georgia.

16                                      4.

17          Defendant Atlanta Canine Reproduction, LLC is a Georgia limited liability company

18   owned by Defendant Roberts.

19                                      5.

20          Defendant Savants Canine Services, LLC is a Georgia limited liability company owned

21   by Defendant Roberts.

22                                 JURISDICTION

23                                      6.

24          This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action involves

25   claims for trademark infringement under 15 U.S.C. § 1114(1)(a), unfair competition under

26   15 U.S.C. § 1125(a)(1)(A), and false advertising under 15 U.S.C. § 1125(a)(1)(B). This Court

27   additionally has supplemental jurisdiction under 28 U.S.C. § 1367(a) for the breach of contract

1    claim, as the claim is directly related to the claims for trademark infringement, unfair

2    competition, and false advertising.

3                           VENUE

4                            7.

5         Venue is proper in the Portland Division of the District of Oregon because a substantial

6    part of the events giving rise to this action occurred in the Portland Division of the District of

7    Oregon. 28 U.S.C. § 1391(b)(2). In addition, Plaintiff, Defendant Roberts, and Defendant Atlanta

8    Canine Reproduction, LLC entered into a contract, which is the subject of the breach of contract

9    claim in this action and which was made entirely within Oregon. The contract between the

10    parties provides that the contract "shall be governed by and construed in accordance with the

11    laws of the state of Oregon" and that "venue shall be in the federal or state courts in Clackamas

12    County, Oregon." Defendant Savants Canine Services, LLC is a sham entity owned by

13    Defendant Roberts and created at the direction of Defendant Roberts in bad faith to attempt to

14    avoid the contractual obligations that are binding on Defendant Roberts and her business.

15                 FACTS COMMON TO CLAIMS

16                         8.

17         The International Canine Semen Bank (ICSB) was founded in 1971. ICSB is engaged in

18    the business of canine semen collection, evaluation, packaging, freezing, storage, shipping,

19    thawing, and insemination. ICSB uses proprietary technology, methods, and products that it has

20    developed. ICSB created the foundation for an entire industry that now supports professional and

21    personal dog breeders and enthusiasts. In 1971, ICSB was the first to successfully produce a

22    litter of puppies using frozen canine semen that was collected, packaged, frozen, and stored in a

23    pellet form, which ICSB pioneered and developed. Since then, ICSB has continued to develop its

24    technology, methods, and products, and ICSB remains the industry leader in the field of canine

25    semen cryopreservation.

26                         9.

27         The "International Canine Semen Bank" and "ICSB" are names that are known and

1   recognized internationally, and the ICSB logos and brand are known and recognized

2   internationally and throughout the entire industry. Dog breeders around the world know and

3   recognize the names "International Canine Semen Bank" and "ICSB," and the ICSB logos.

4   Currently, there are 27 licensed ICSB centers operating in 29 U.S. states, and 14 licensed ICSB

5   centers operating internationally in 10 different countries, plus the headquarters located in

6   Oregon, operated by Plaintiff.

7                                                10.

8          Plaintiff International Animal Semen Bank, Inc. is the owner of the registered names

9   "International Canine Semen Bank" and "ICSB." The business name "International Canine

10  Semen Bank" is a registered trademark owned by Plaintiff, U.S. Serial Number 77323788

11  (Registration Number: 3523498, Registration Date: October 28, 2008). The ICSB logos are

12  registered trademarks owned by Plaintiff, U.S. Serial Numbers 77323705 (Registration

13  Number: 3461490, Registration Date: July 8, 2008), 88273703 (Registration Number: 5833756,

14  Registration Date: August 13, 2019), and 88273691 (Registration Number: 6088279,

15  Registration Date: June 30, 2020).

16                                               11.

17         Plaintiff operates outside of Oregon by entering into licensing agreements with

18  businesses that then operate under the registered names "International Canine Semen Bank" and

19  "ICSB," and that then use ICSB technology, methods, and products. ICSB centers operate within

20  a contractually designated geographic area and are often known by that geographic area. For

21  example, in Florida, there are two ICSB centers, with one known as "ICSB–Florida" and the

22  other known as "ICSB–Miami," while in Tennessee, there is an ICSB center known as

23  "ICSB–Knoxville," and "ICSB–Wisconsin/Illinois/Indiana West" is based in Wisconsin but also

24  operates in Illinois and part of Indiana.

25                                               12.

26         Plaintiff assists new ICSB centers in starting operations, and Plaintiff trains new centers

27  and regularly provides training to existing centers. By becoming a licensed center of ICSB,

1  prospective businesses receive guidance, training, and support from Plaintiff; they receive access

2  to ICSB trade secrets and to ICSB technology, methods, and products, which are respected and

3  trusted internationally; and they receive a license to use and benefit from the valuable names,

4  logos, and brand of ICSB within a contractually designated territory.

5                                                    13.

6        Some licensed centers operate from a static, single location and have an exclusive right to

7  operate within a contractually designated geographic territory. Other licensed centers operate as a

8  mobile center and attend dog shows and similar events, either within a contractually designated

9  geographic territory or as specified in a list of contractually agreed upon dog shows and similar

10  events. Some licensed centers operate as both a static center and as a mobile center that attends

11  dog shows and similar events within a contractually designated geographic territory or as

12  specified in a list of contractually agreed upon dog shows and similar events.

13                                                    14.

14        In 2010, Defendant Kathryn Roberts individually and personally entered into a licensing

15  agreement with International Animal Semen Bank, LLC, which operated under the registered

16  names "International Canine Semen Bank" and "ICSB." In the licensing agreement, Defendant

17  Roberts agreed to an exclusive license within a territory consisting of the 50-mile radius

18  surrounding 6501 Cedar Way, Acworth, Georgia, within the State of Georgia. Defendant Roberts

19  had previously operated as "Starrdogs Kennels," however, upon becoming a licensed center of

20  ICSB, Defendant Roberts operated under the assumed business name "ICSB–Atlanta." As part of

21  her licensing agreement with International Animal Semen Bank, LLC, Defendant Roberts and

22  her business received consultation, training, guidance, support, and access to ICSB trade secrets,

23  technology, methods, and products. The term of the original licensing agreement was 10 years.

24                                                    15.

25        In 2010, shortly after entering into the licensing agreement, Defendant Roberts founded

26  Defendant Atlanta Canine Reproduction, LLC, which was then known as "I C S B Atlanta,

27  L.L.C." Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC operated under the

1    assumed business name "ICSB–Atlanta."

2                                    16.

3        In 2014, the licensing agreement with Defendant Roberts was transferred to Plaintiff

4    International Animal Semen Bank, Inc. as part of an acquisition of ICSB following the retirement

5    of its founder.

6                                    17.

7        In 2020, Plaintiff, Defendant Roberts, and Defendant Atlanta Canine Reproduction, LLC

8    entered into a subsequent licensing agreement. In the licensing agreement, Defendant Roberts

9    and Defendant Atlanta Canine Reproduction, LLC agreed to an exclusive license within a

10   territory consisting of the 150-mile radius surrounding 685 Knox Bridge Trail, Canton, Georgia.

11   As part of her licensing arrangement with Plaintiff, Defendant Roberts and her business

12   continued receiving consultation, training, guidance, support, and access to ICSB trade secrets,

13   technology, methods, and products. The term of the second licensing agreement was 5 years.

14                                   18.

15       In 2022, Plaintiff, Defendant Roberts, and Defendant Atlanta Canine Reproduction, LLC

16   entered into a first addendum to the 2020 licensing agreement. In the first addendum, Defendant

17   Roberts and Defendant Atlanta Canine Reproduction, LLC contracted for an expansion of their

18   contractually designated license territory to include mobile operations at dog shows and similar

19   events within a specific geographic area within Indiana. In exchange for this grant of license

20   within an expanded territory, Plaintiff charged and Defendant Roberts and Defendant Atlanta

21   Canine Reproduction, LLC agreed to pay an increased license fee.

22                                   19.

23       In 2023, Plaintiff, Defendant Roberts, and Defendant Atlanta Canine Reproduction, LLC

24   entered into a second addendum to the 2020 licensing agreement. In the second addendum,

25   Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC contracted for an

26   expansion of their contractually designated license territory to include mobile operations at dog

27   shows and similar events within a specific geographic area within Tennessee. In exchange for

1  this grant of license within an expanded territory, Plaintiff charged and Defendant Roberts and

2  Defendant Atlanta Canine Reproduction, LLC agreed to pay an increased license fee.

3  20.

4  On June 6, 2025, Plaintiff, Defendant Roberts, and Defendant Atlanta Canine

5  Reproduction, LLC entered into a third addendum to the 2020 licensing agreement. In the third

6  addendum, Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC contracted for

7  a one-time expansion of their contractually designated license territory to include mobile

8  operations at a specific dog show in Florida. In exchange for this one-time grant of license within

9  an expanded territory, Plaintiff charged and Defendant Roberts and Defendant Atlanta Canine

10  Reproduction, LLC agreed to pay a one-time license fee.

11  21.

12  The number of licensed ICSB centers has varied over the years, however, Plaintiff

13  regularly has licensed centers operating in various geographic territories throughout the country,

14  from California to Maine, from Florida to Idaho, in states throughout the east coast of the United

15  States, and throughout the U.S. Midwest and South. Each ICSB center has an exclusive license

16  within a contractually designated territory. Meanwhile, dog shows and similar events occur

17  nearly every week throughout the United States, and an ICSB center, with the express permission

18  of Plaintiff, often attends dog shows and similar events within a specific territory to provide

19  mobile services to the dog breeders and enthusiasts who attend the dog shows and similar events.

20  With licensed centers throughout the United States and internationally, Plaintiff must ensure that

21  each ICSB center maintains an exclusive territory and that centers do not compete with each

22  other, as they are each entitled to exclusivity within their contractually designated territory.

23  22.

24  In early 2025, Plaintiff discovered that Defendant Roberts and Defendant Atlanta Canine

25  Reproduction, LLC were attending dog shows and similar events outside of their contractually

26  designated territory and without the express permission of Plaintiff. Defendant Roberts and

27  Defendant Atlanta Canine Reproduction, LLC engaged in unlicensed mobile business activities

1    within the territories of other ICSB centers; Defendant Roberts and Defendant Atlanta Canine

2    Reproduction, LLC garnered serious and substantial complaints from customers and other ICSB

3    centers; and Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC did not

4    contract with and pay Plaintiff for the right to act as a licensed ICSB center in areas outside of its

5    contractually designated territory. Upon investigating the matter, Plaintiff discovered that

6    Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC had attended without

7    permission from Plaintiff not fewer than 145 dog shows and similar events throughout the United

8    States, including in Florida, Illinois, Kentucky, Michigan, Mississippi, Montana, North Carolina,

9    Ohio, Oklahoma, Pennsylvania, South Carolina, Texas, Virginia, and West Virginia, none of

10    which were part of the contractually designated territory for Defendant Roberts and Defendant

11    Atlanta Canine Reproduction, LLC.

12                              23.

13        On May 19, 2025, Plaintiff provided notice to Defendant Roberts and Defendant Atlanta

14    Canine Reproduction, LLC that they had breached the contract between the parties and had used

15    the trademarks owned by Plaintiff without permission and in flagrant violation of the rights of

16    Plaintiff. Plaintiff provided Defendant Roberts and Defendant Atlanta Canine Reproduction,

17    LLC with an opportunity to cure the breach of contract and offered a renewal of the licensing

18    agreement if Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC cured its

19    prior breaches of contract and ceased further breaches. Plaintiff offered to work with Defendant

20    Roberts and Defendant Atlanta Canine Reproduction, LLC to contractually designate territories

21    for dog shows and similar events that did not conflict with other ICSB centers.

22                              24.

23        Despite a willingness to work with Defendant Roberts and Defendant Atlanta Canine

24    Reproduction, LLC to continue operation of ICSB–Atlanta in a manner that respects the rights of

25    Plaintiff and other ICSB centers, Defendant Roberts and Defendant Atlanta Canine

26    Reproduction, LLC failed to cure the prior breaches of contract, and accordingly, there was no

27    renewal of the licensing agreement and Defendant Roberts and Defendant Atlanta Canine

1  Reproduction, LLC were terminated for cause as a licensed ICSB center.

2                                              25.

3          On June 24, 2025, Plaintiff formally notified Defendant Roberts and Defendant Atlanta

4  Canine Reproduction, LLC that Plaintiff terminated for cause the licensing agreement between

5  the parties, effective immediately. In accordance with the contract and notice of termination,

6  Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC were required and remain

7  required to immediately cease all use of ICSB trademarks, including its logos and the names

8  "International Canine Semen Bank" and "ICSB." Defendant Atlanta Canine Reproduction, LLC

9  was contractually required to immediately change its name, and Defendant Roberts and

10  Defendant Atlanta Canine Reproduction, LLC were and remain contractually prohibited from

11  representing themselves as affiliated in the past or present with ICSB. Defendant Roberts and

12  Defendant Atlanta Canine Reproduction, LLC were and remain contractually required to

13  immediately cease using ICSB trade secrets, technology, methods, and products. Defendant

14  Roberts and Defendant Atlanta Canine Reproduction, LLC were and remain contractually

15  required to relocate all stored frozen canine semen within their possession, which was collected,

16  frozen, and stored as "ICSB–Atlanta," either to other ICSB centers, or to another location

17  selected by the respective owners of the frozen canine semen. Defendant Roberts and Defendant

18  Atlanta Canine Reproduction, LLC were and remain contractually required to provide to Plaintiff

19  all records sufficient for Plaintiff to identify the owners of the frozen canine semen so that they

20  can be notified of the termination of Defendant Roberts and Defendant Atlanta Canine

21  Reproduction, LLC and the need to have their frozen canine semen relocated. Furthermore,

22  Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC were and remain

23  contractually prohibited from competing with Plaintiff and ICSB for two years following

24  termination.

25                                              26.

26          On June 13, 2025, Defendant Savants Canine Services, LLC was created. At the time of

27  its creation, it was known as "Savants Canine Semen Services, LLC." On or about July 11, 2025,

1    its name was changed to "Savants Canine Services, LLC."

2                                    27.

3          Defendant Savants Canine Services, LLC is a sham entity owned by Defendant Roberts

4    and created at the direction of Defendant Roberts in bad faith to attempt to avoid the contractual

5    non-compete clause that is binding on Defendant Roberts and Defendant Atlanta Canine

6    Reproduction, LLC, the parties to the 2020 licensing agreement. Defendant Roberts directed her

7    husband, John Heltzel, to create the LLC so that only his name would be visible in public

8    records. However, Defendant Roberts has admitted and advertised that she is the owner of the

9    LLC and that it is the "same" entity as ICSB–Atlanta and has been in operation for over

10   15 years, despite Defendant Savants Canine Services, LLC actually being created this year, on

11   June 13, 2025. Defendants continue to all operate as a single business from the same facility that

12   was the base of operations for ICSB–Atlanta, which facility is owned personally by Defendant

13   Roberts, and with the same personnel, equipment, and mobile laboratory.

14                                   28.

15         Since being terminated as a licensed center of ICSB on June 24, 2025, Defendant Roberts

16   continues to operate the same business and continues to use the ICSB names, logos, and

17   reputation at dog shows and similar events and in online and other written advertising. Defendant

18   Roberts alternates between using Defendant Atlanta Canine Reproduction, LLC and Defendant

19   Savants Canine Services, LLC for her business operations, which are simply alter egos of

20   Defendant Roberts, who is the owner-operator of the business. Defendant Roberts, since being

21   terminated as a licensed ICSB center, continues to advertise and represent herself and her

22   business as being and having been affiliated with ICSB. Defendant Roberts, since being

23   terminated, has continued to use ICSB technology, methods, products, and trade secrets.

24   Defendant Roberts, through her business and individually, has refused, despite demands from

25   Plaintiff, to relocate stored frozen canine semen and to respect the wishes of customers of

26   ICSB–Atlanta who have requested to have their stored frozen canine semen relocated.

27   Defendants have refused to provide Plaintiff with any records sufficient to identify the owners of

1   the frozen canine semen that ICSB–Atlanta holds and held as of June 24, 2025. Defendant

2   Roberts and her business have flagrantly and willfully violated her contractual non-compete

3   agreement with Plaintiff. By continuing to operate the same business, simply with the name

4   "Savants Canine Services" sometimes being used, Defendant Roberts, and her alter ego business

5   entities Defendant Atlanta Canine Reproduction, LLC and Defendant Savants Canine Services,

6   LLC, have created confusion, they have garnered serious and substantial complaints from

7   numerous owners of canine semen who entrusted "ICSB–Atlanta" with precious and valuable

8   frozen semen of award-winning dogs that are now deceased or can otherwise no longer be

9   collected, and they have seriously and substantially harmed the reputation of ICSB and Plaintiff.

10                          **FIRST CLAIM FOR RELIEF:**

11                           **BREACH OF CONTRACT**

12               COUNT ONE: BREACH OF LIMITATION OF LICENSE

13         (Plaintiff v. Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC)

14                                      29.

15         Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint.

16                                      30.

17         In 2020, Plaintiff, Defendant Roberts, and Defendant Atlanta Canine Reproduction, LLC,

18   which Defendant Roberts represented as "ICSB Atlanta LLC," entered into a licensing

19   agreement.

20                                      31.

21         In the licensing agreement, Defendant Roberts and Defendant Atlanta Canine

22   Reproduction, LLC expressly agreed that, during the term of the agreement, they would not use

23   ICSB technology, methods, products, and trademarks except as authorized pursuant to the

24   agreement, exclusively within a contractually designated territory described in the agreement.

25                                      32.

26         Between 2020, when the parties entered into the agreement, and 2025 when Plaintiff

27   terminated the agreement for cause, Defendant Roberts and Defendant Atlanta Canine

1    Reproduction, LLC engaged in substantial business operations outside of their contractually

2    designated territory, which operations included use of ICSB technology, methods, products, and

3    trademarks, and which uses and operations were neither permitted nor licensed by Plaintiff.

4                                                  33.

5            Plaintiff fully performed and did not breach the licensing agreement.

6                                                  34.

7            As a result of Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC

8    breaching the licensing agreement, Plaintiff has sustained and seeks compensatory and

9    consequential damages, including lost profits and for reputational harm; and Plaintiff seeks

10   disgorgement of all profits that Defendant Roberts and Defendant Atlanta Canine Reproduction,

11   LLC obtained as a result of their breach of the licensing agreement.

12                                                 35.

13           The licensing agreement provides that the prevailing party in any litigation arising out of

14   the contract is entitled to recover attorney fees. Accordingly, Plaintiff additionally seeks an award

15   of reasonable attorney fees.

16           COUNT TWO: BREACH OF COVENANT TO DISCONTINUE USE

17           (Plaintiff v. Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC)

18                                                 36.

19           Plaintiff incorporates by reference paragraphs 1 through 28, and paragraphs 30, 33,

20   and 35 of this Complaint.

21                                                 37.

22           In the licensing agreement, Defendant Roberts and Defendant Atlanta Canine

23   Reproduction, LLC expressly agreed that, upon termination of the agreement for any reason,

24   Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC shall immediately

25   discontinue all use of ICSB trademarks and cease using ICSB technology, methods, products,

26   and trade secrets. In addition, Defendant Roberts and Defendant Atlanta Canine Reproduction,

27   LLC agreed that, upon termination of the agreement for any reason, they would not advertise that

1    they previously used ICSB technology, methods, or products, or that her business was formerly

2    known by any name containing the names "International Canine Semen Bank" or "ICSB."

3                                     38.

4          Since being terminated on June 24, 2025, Defendant Roberts and Defendant Atlanta

5    Canine Reproduction, LLC have used ICSB trademarks, the ICSB name and reputation, and

6    ICSB technology, methods, products, and trade secrets, to their substantial profit and to the

7    detriment of Plaintiff, and in violation of the contractual and legal rights of Plaintiff. In addition,

8    since being terminated on June 24, 2025, Defendant Roberts and her business have advertised

9    and represented that they use and that they have previously used ICSB technology, methods, and

10    products, and that her business was formerly known as "ICSB–Atlanta," and Defendant Roberts

11    and Defendant Atlanta Canine Reproduction, LLC continue to misleadingly advertise using the

12    ICSB names and trademarks.

13                                     39.

14          As a result of Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC

15    breaching the licensing agreement, Plaintiff has sustained and seeks compensatory and

16    consequential damages, including lost profits and for reputational harm; and Plaintiff seeks

17    disgorgement of all profits that Defendant Roberts and Defendant Atlanta Canine Reproduction,

18    LLC have obtained and continue to obtain as a result of their breach of the licensing agreement.

19    In addition, Plaintiff seeks injunctive relief to enforce the contract and to prevent ongoing and

20    future contract violations.

21          COUNT THREE: BREACH OF COVENANT NOT TO COMPETE

22          (Plaintiff v. Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC)

23                                     40.

24          Plaintiff incorporates by reference paragraphs 1 through 28, and paragraphs 30, 33,

25    and 35 of this Complaint.

26                                     41.

27          In the licensing agreement, Defendant Roberts and Defendant Atlanta Canine

1    Reproduction, LLC expressly agreed that, for a period of twenty-four months following

2    termination of the agreement, Defendant Roberts and Defendant Atlanta Canine Reproduction,

3    LLC may not use ICSB technology, methods, or products, and Defendant Roberts and Defendant

4    Atlanta Canine Reproduction, LLC may not use any technology, methods, or products that are

5    similar to or that compete with ICSB technology, methods, and products.

6                                               42.

7            Since June 24, 2025, Defendant Roberts and Defendant Atlanta Canine Reproduction,

8    LLC have breached the licensing agreement by using ICSB technology, methods, or products

9    and by using technology, methods, or products that are similar to or that compete with ICSB

10   technology, methods, and products, all since being terminated on June 24, 2025.

11                                              43.

12           As a result of Defendant Roberts breaching the licensing agreement, Plaintiff has

13   sustained and seeks compensatory and consequential damages, including lost profits and for

14   reputational harm; and Plaintiff seeks disgorgement of all profits that Defendant Roberts and

15   Defendant Atlanta Canine Reproduction, LLC have obtained and continue to obtain as a result of

16   their breach of the licensing agreement. In addition, Plaintiff seeks injunctive relief to enforce the

17   contract and to prevent ongoing and future contract violations.

18                          **SECOND CLAIM FOR RELIEF:**

19                **TRADEMARK INFRINGEMENT — 15 U.S.C. § 1114(1)(a)**

20               COUNT ONE: PRE-TERMINATION TRADEMARK INFRINGEMENT

21            (Plaintiff v. Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC)

22                                              44.

23           Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint.

24                                              45.

25           Between 2020 and 2025, Defendant Roberts and Defendant Atlanta Canine Reproduction,

26   LLC, without the consent of Plaintiff, used in commerce registered trademarks of Plaintiff, in

27   which Plaintiff has a protectible interest, in connection with the sale, offering for sale,

1    distribution, and advertising of goods and services, and such use was likely to cause and did

2    cause consumer confusion and mistake, and was deceptive.

3                                                46.

4         As a result of infringement by Defendant Roberts and Defendant Atlanta Canine

5    Reproduction, LLC on the trademark rights of Plaintiff, Plaintiff has sustained and seeks

6    compensatory and consequential damages, including lost profits and for reputational harm;

7    Plaintiff seeks treble damages pursuant to 15 U.S.C. § 1117(a); Plaintiff seeks disgorgement of

8    all profits that Defendant Roberts and Defendant Atlanta Canine Reproduction, LLC obtained as

9    a result of their infringement on the trademark rights of Plaintiff; and Plaintiff seeks an award of

10   the costs of this action, including an award of reasonable attorney fees.

11              COUNT TWO: POST-TERMINATION TRADEMARK INFRINGEMENT

12                            (Plaintiff v. All Defendants)

13                                              47.

14        Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint.

15                                              48.

16        Since June 24, 2025, Defendants, without the consent of Plaintiff, have used and are

17   using in commerce registered trademarks of Plaintiff, in which Plaintiff has a protectible interest,

18   in connection with the sale, offering for sale, distribution, and advertising of goods and services,

19   and such use was and is likely to cause, has caused, and is causing consumer confusion and

20   mistake, and was and is deceptive.

21                                              49.

22        As a result of infringement by Defendants on the trademark rights of Plaintiff, Plaintiff

23   has sustained and seeks compensatory and consequential damages, including lost profits and for

24   reputational harm; Plaintiff seeks treble damages pursuant to 15 U.S.C. § 1117(a); Plaintiff seeks

25   disgorgement of all profits that Defendants have obtained and continue to obtain as a result of

26   their infringement on the trademark rights of Plaintiff; Plaintiff seeks injunctive relief to prevent

27   ongoing and future infringement on the trademark rights of Plaintiff; and Plaintiff seeks an award

1    of the costs of this action, including an award of reasonable attorney fees.

2    **THIRD CLAIM FOR RELIEF:**

3    **UNFAIR COMPETITION — 15 U.S.C. § 1125(a)(1)(A)**

4    (Plaintiff v. All Defendants)

5    50.

6    Plaintiff incorporates by reference paragraphs 1 through 49 of this Complaint.

7    51.

8    Defendants have used and are using in interstate commerce, and in connection with goods

9    and services, words, terms, names, false and misleading descriptions of fact, and false and

10   misleading representations of fact which are likely to cause and are causing confusion, mistake,

11   and deception as to affiliation, connection, and association of Defendants with Plaintiff and ICSB

12   and as to the origin, sponsorship, or approval of the goods, services, and commercial activities of

13   Defendants, and which is likely to damage, has damaged, and is damaging Plaintiff.

14   52.

15   As a result of the unfair competition by Defendants, Plaintiff has sustained and seeks

16   compensatory and consequential damages, including lost profits and for reputational harm;

17   Plaintiff seeks treble damages pursuant to 15 U.S.C. § 1117(a); Plaintiff seeks disgorgement of

18   all profits that Defendants have obtained and continue to obtain as a result of their unfair

19   competition; Plaintiff seeks injunctive relief to prevent ongoing and future unfair competition;

20   and Plaintiff seeks an award of the costs of this action, including an award of reasonable attorney

21   fees.

22   **FOURTH CLAIM FOR RELIEF:**

23   **FALSE ADVERTISING — 15 U.S.C. § 1125(a)(1)(B)**

24   (Plaintiff v. All Defendants)

25   53.

26   Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint.

27

54.

Defendants have made and are making material false statements of fact in commercial advertising, and the false statements have deceived, are deceiving, and have a tendency to deceive a substantial segment of the intended audience of the advertising, the result of which has included injury to a commercial interest of Plaintiff in reputation and sales.

55.

As a result of the false advertising by Defendants, Plaintiff has sustained and seeks compensatory and consequential damages, including lost profits and for reputational harm; Plaintiff seeks treble damages pursuant to 15 U.S.C. § 1117(a); Plaintiff seeks disgorgement of all profits that Defendants have obtained and continue to obtain as a result of their false advertising; Plaintiff seeks injunctive relief to prevent ongoing and future false advertising; and Plaintiff seeks an award of the costs of this action, including an award of reasonable attorney fees.

## DEMAND FOR RELIEF

Plaintiff respectfully demands that this Court enter a judgment in favor of Plaintiff and against Defendants that awards Plaintiff compensatory and consequential damages, including lost profits and for reputational harm; treble damages pursuant to 15 U.S.C. § 1117(a); and disgorgement of all profits that Defendants have obtained and continue to obtain as a result of their breach of the licensing agreement, trademark infringement, unfair competition, and false advertising; plus costs and attorney fees. Plaintiff further respectfully demands that this Court grant injunctive relief to prevent Defendants' ongoing and future breach of the licensing agreement, trademark infringement, unfair competition, and false advertising. Plaintiff further requests any other relief that the Court deems equitable, and Plaintiff demands a trial by jury.

DATED:    September 21, 2025

_____
Nicholas O. Herman, OSB No. 143360
LOWER COLUMBIA LAW GROUP LLC
Attorney for Plaintiff